IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RLI INSURANCE COMPANY                               PLAINTIFF/COUNTER-DEFENDANT

vs.                                                             No. 4:04CV276-D-B

AUDUBON INDEMNITY COMPANY              DEFENDANT/COUNTER-PLAINTIFF

OPINION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Presently before the court are the parties' cross-motions for summary judgment.[1] Upon due consideration, the court finds that the Plaintiff's motion should be granted and this case closed.

### A. Factual Background

This declaratory judgment action arises from a November 7, 2002, fire that occurred at the District Apartments in Greenville, Mississippi. The fire resulted in the deaths of two children. The owner of the subject apartment unit was Eston McGarrh; his business, The McGarrh Agency, Inc., managed the unit. As a result of the deaths, the wrongful death beneficiaries of the deceased children filed lawsuits against McGarrh and the McGarrh Agency.

McGarrh and his Agency maintained three separate commercial insurance policies. In addition, McGarrh himself had two personal insurance policies. It is the interplay of these business and personal insurance policies that are at issue in this action.

The Plaintiff filed this action pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, seeking a declaratory judgment that the Personal Umbrella insurance policy it issued to Eston McGarrh provides no coverage for the subject wrongful death lawsuits, which were eventually settled for $1,350,000, with the settlement funds coming from non-party State Auto

---

[1] Also pending before the court is the Plaintiff's motion to alter judgment. Upon review, the court finds that the motion should be granted, which permits the court to revisit the parties' motions for summary judgment.

Insurance Company (which issued a $1,000,000 Businessowners Policy to McGarrh and which provided $825,000 to the settlement) and from the Defendant Audubon Indemnity Company (which issued both a $1,000,000 Commercial Package Policy to McGarrh and the McGarrh Agency and a $1,000,000 Commercial Umbrella Policy to McGarrh, and which provided $525,000 towards the settlement). McGarrh also maintained two personal insurance policies that are at issue, one a Homeowners Policy issued by the non-party Kemper Insurance Company which provided personal liability coverage of $300,000, and the other a Personal Umbrella Policy issued by the Plaintiff RLI Insurance Company which provided $1,000,000 in umbrella coverage to McGarrh, who is the only named insured on the policy.

Having carefully considered the submissions of the parties, the court finds that the subject RLI Personal Umbrella policy of insurance does not provide coverage for the subject wrongful death lawsuits because the settlement was a business loss and not a personal loss that would implicate the RLI policy.

### B. Summary Judgment Standard

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific

facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

*C. Discussion*

The RLI Personal Umbrella policy contains an exclusion, Exclusion S, which states that coverage is not provided for:

> Injury arising from the premises of rental properties owned by anyone covered by this policy unless also covered by valid and collectible insurance under a Homeowners, Comprehensive Personal Liability or Farmers Comprehensive Personal Liability Policy for the full Minimum Limit of Coverage shown for such Basic Policy in the Declarations.

RLI Personal Umbrella Liability Policy at Part IV, para. S.

Where the words of an insurance policy are plain and unambiguous, a court will afford those words their plain and ordinary meaning, and will apply them as written. Noxubee County Sch. Dist. v. United Nat. Ins. Co., 883 So. 2d 1159, 1165 (Miss. 2004).

The court finds that the words contained in Exclusion S of the RLI Personal Umbrella policy are plain and unambiguous and clearly state that there must be a valid and collectible Homeowners

3

or Personal Liability policy that provides underlying coverage before the RLI Personal Umbrella policy provides coverage for injury arising from the premises of rental properties owned by a named insured.

Under the plain language of Exclusion S, the only existing policy which could be construed as potentially providing the necessary underlying coverage, prior to the RLI policy providing umbrella coverage, is McGarrh's Kemper Homeowners policy. Kemper, however, denied coverage for the subject lawsuits, thus invoking Exclusion S. That factor, plus the fact that no other existing policies of insurance qualify as an underlying policy under Exclusion S, led RLI to deny coverage under the umbrella policy. While Audubon argues that the State Auto Businessowners policy constitutes such a Personal Liability policy, the plain terms of Exclusion S render that argument meritless. Accordingly, the court finds that the RLI policy does not provide coverage for the underlying lawsuits; Exclusion S prevents coverage.

In light of the foregoing, the court hereby finds that the Plaintiff is entitled to a declaratory judgment in its favor that the Personal Umbrella Liability Policy of insurance it issued to Eston McGarrh, policy number PUP0309667, does not provide coverage for the wrongful death lawsuits stemming from the subject November 7, 2002, fire at the District Apartments in Greenville, Mississippi.

A separate order in accordance with this opinion shall issue this day.

This the 11th day of October 2007.

/s/ Glen H. Davidson
Senior Judge